

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 8256 | DATE | 10/10/2012 |
| CASE TITLE | Mario Rangel, et al. vs. Ashlaur Construction Company, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Motion for Leave to File the Proposed Third Amended Complaint Under the FLSA and the IWPCA [45] is granted.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

    Before the Court is Plaintiffs Mario Rangel, Ireneo Zambrano ("Zambrano"), Jose Reyes ("Reyes"), Ramon Zambrano, Rafael Zambrano, Xavier Gurerror, Francisco Lagunas, and Aldolfo Lagunas's (collectively, "Plaintiffs") motion for leave to file their proposed third amended complaint. For the following reasons, the motion is granted.

    Pursuant to Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012). Defendants Ashlaur Construction Company, Inc. and Zollie Carradine (collectively, "Defendants") argue that the Court should deny Plaintiffs' request to amend on the grounds of futility. See Guise v. BWM Mortg., LLC, 377 F.3d 795, 801 (7th Cir. 2004). According to Defendants, the proposed amended complaint does not substantively differ from Plaintiffs' earlier complaints and cannot withstand a motion to dismiss.

    Plaintiffs' proposed complaint alleges that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115 §1, et seq. Plaintiffs also allege retaliation against Zambrano and Reyes for exercising their rights under the FLSA and IWPCA. Defendants contend that although the proposed complaint removes the allegations that "malice and fraud are the 'gist' of the claims," Second Am. Compl. for Collective Action Under the FLSA & the IWPCA ¶¶ 44, 82, 85, the claims nonetheless "sound in fraud" and are therefore subject to the heightened pleading standard of Rule 9(b).

    Where, as here, claims do not require proof of fraud, the heightened pleading standard of Rule 9(b) applies if "only a fraudulent violation is charged." Kennedy v. Venrock Assocs., 348 F.3d 584, 593 (7th Cir. 2003) (citations omitted). Here, Plaintiffs expressly disavow that the proposed complaint alleges fraud. "Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth." McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir. 2000) (internal quotation marks and

citation omitted). Plaintiffs' allegations do not amount only to averments of fraudulent conduct. Rather, Plaintiffs allegations are consistent with willful violations of the FLSA and IWPCA. An alleged violation is "willful" if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Plaintiffs allege that Defendants failed to pay overtime wages by engaging in four payment "schemes." Plaintiffs aver that Defendants: (1) do not pay Plaintiffs one and one-half times their normal hourly wage rate for hours worked in excess of forty hours during a workweek; (2) do not pay the full amount of the contractual wage rate for all workdays in a week; and (3) do not make all the necessary deductions of payments for Plaintiffs' federal income tax, state income tax, federal social security withholdings, Illinois Employment Security payments, and workers compensation insurance payments. Indeed, Plaintiffs allege that Defendants "knowingly" failed to keep employment records to "conceal" and "cover up" violations of the FLSA. Because Plaintiffs' allegations are consistent with wilful violations of the FLSA and IWPCA, as opposed to only fraudulent violations, Rule 9(b) does not apply here. Additionally, the Court rejects Defendants' contention that the independent retaliation claims sound in fraud. The Court finds Plaintiffs' allegations sufficient under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and its progeny, to satisfy notice pleading. "Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Accordingly, the motion is granted.

    IT IS SO ORDERED.

12 OCT 10 PM 5:06

11C8256 Mario Rangel, et al. vs. Ashlaur Construction Company, Inc., et al.    Page 2 of 2